# EXHIBIT 1

**Documents received by defendant relating
To the above-captioned action.  summons
and complaint**

Electronically Issued
8/19/2021 7:15 PM

**SUMM**

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DAVID LEVY, | ) |
|             Plaintiff, | ) |
|    vs. | )  Case No.:  A-21-838353-C |
| | ) |
| LEE CANYON SKI LIFTS, INC., a Nevada | )  Dept. No.  8 |
| Corporation; DOES I-X; and, ROE BUSINESS | ) |
| ENTITIES I-X, | )  **SUMMONS** |
| | ) |
|             Defendants. | ) |

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**LEE CANYON SKI LIFTS, INC., a Nevada Corporation**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a)  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b)  Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

_____
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183

STEVEN D. GRIERSON
CLERK OF COURT

By: _____   8/20/2021
       Deputy Clerk         Date
     Alisa-Mae Chapman

Attorney for Plaintiff

NOTE: When service is by publication, add a brief statement of the object of the action.
      See Rules of Civil Procedure 4(b).

STATE OF _____ )
                          )ss:                    **AFFIDAVIT OF SERVICE**
COUNTY OF_____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____

_____

on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

**(Affiant must complete the appropriate paragraph)**

1.     Delivering and leaving a copy with the Defendant _____at (state address) _____

       _____.

2.     Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____.

       **(Use paragraph 3 for service upon agent, completing A or B)**

3.     Serving the Defendant _____by personally delivering and leaving a copy at (state address) _____

       _____.

       a.    With _____ as _____ , an agent lawfully designated by statute to accept service of process;

       b.    With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.     Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

                      _____ Ordinary mail
                      _____ Certified mail, return receipt requested
                      _____ Registered mail, return receipt requested

       addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)    If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                                 _____
                                                 Signature of person making service

(b)    If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

                                                 _____
                                                 Signature of person making service

Electronically Filed
7/22/2021 9:35 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/(702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff DAVID LEVY

CASE NO: A-21-838353-C
Department 8

DISTRICT COURT
CLARK COUNTY, NEVADA
* * *

DAVID LEVY

                    Plaintiff,

vs.

LEE CANYON SKI LIFTS, INC., a Nevada
Corporation; DOES I-X; ROE BUSINESS
ENTITIES I-X

                    Defendants.

Case No.:

Dept. No.:

**COMPLAINT**

JURY TRIAL DEMANDED

**Arbitration Exemption Claimed: Action
seeking equitable or extraordinary relief**

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 256-1183 ♦ Fax (702) 258-6983

COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ.,

of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the

Defendant(s) as follows:

## I.    JURISDICTION AND VENUE

This court has subject matter jurisdiction over the state and federal claims set forth herein as the

amount in controversy is greater than the maximum jurisdictional limit of Justice Court.  The court

has jurisdiction over the parties hereto as they are all residents of Nevada.

Venue is proper in the United States Court for the District of Nevada, and in the unofficial

Northern Division of the court, pursuant to 28 U.S.C. § 1391(b)(1) because all events or omissions

1

giving rise to Plaintiff's claims occurred in the District of Nevada, Washoe County and/or Carson City.

## II.      CLAIMS FOR RELIEF

### ALLEGATIONS COMMON TO ALL CLAIMS

1. This is a civil action for damages under federal statutes prohibiting discrimination and to redress deprivation of rights under these laws, as well as claims under the common law of Nevada and NRS Chapter 613.

2. Plaintiff's federal statutory claims arise under the Age Discrimination in Employment Act of 1967; The Family and Medical Leave Act of 1993; and, the Americans with Disabilities Act of 1991, as amended.

3. Defendant LEE CANYON SKI LIFTS, INC. (herein, collectively with other Defendants, "Defendant LEE CANYON"), is a Nevada Domestic Corporation duly formed and authorized to conduct business under the laws of the state of Nevada.  "Defendant LEE CANYON" or just "Defendant", as a fictional legal entity, can only operate through its agents, managers, and employees, and Defendant LEE CANYON is vicariously liable for the acts and omissions committed by those agents, managers, and employees in the course of operating the Defendant's business, including in their dealings with the Plaintiff in his employment.

4. Defendant LEE CANYON is a subsidiary of a conglomerate known as POWDR, INC., a Delaware corporation headquartered in Park City, Utah.  Defendant LEE CANYON is an integrated enterprise of POWDR, INC. and its other subsidiaries based upon the (i) Common management; (ii) Interrelation between operations; (iii) Centralized control of labor relations;

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE Drive, Suite 110
LAS VEGAS, NEVADA 89130
TEL. (702) 258-1183 ◆ FAX (702) 258-6983

and (iv) Degree of common ownership/financial control.  Defendant LEE CANYON has continuous and ongoing business operations in Clark County, Nevada.

5.  As Plaintiff's employer during the relevant time period, Defendant was operating a business within the State of Nevada.  Defendant was engaged in an industry affecting commerce and employed more than 500 employees in the two calendar years preceding the events in question.

6.  As an employer in Nevada, Defendant is required to comply with all state and federal statutes which prohibit religious and disability discrimination, as well as retaliation.  Further, Defendant is an employer and covered entity that must comply with the requirements of the FMLA.

7.  Plaintiff is and was at the times relevant to this complaint, a resident of Clark County, Nevada who was of the Jewish Faith.

## FACTS

10.  Plaintiff was employed by Defendant at its Lee Canyon ski area in Clark County, Nevada as a Mountain Patrol Manager from on or about November 9, 2018 until on or about February 10, 2020.

11.  Plaintiff was a good employee and enjoyed a successful tenure and performed his duties in a manner that met or exceeded the reasonable expectations of the Defendant.

12.  Beginning on or around November 15, 2018 Plaintiff was harassed by his supervisor, Mountain Operations Director Joshua Bean, based on Plaintiff's religion, Judaism.  For example on numerous occasions, certainly qualifying as pervasive acts, Bean would address Plaintiff as "Jew Boy" or "Chewbacca" (the "Chew" being phonetically similar to "Jew").  He would also make derogatory references to Plaintiff about apparel worn by Orthodox

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 256-1183 ♦ Fax (702) 258-6983

Jewish people,  as well as tell anti-Semitic jokes.  These outrageous discriminatory statements and jokes made directly to Plaintiff and in front of other employees.  Plaintiff repeatedly requested that Bean stop this harassing behavior, but Bean-a managing speaking agent of Defendant LEE CANYON-refused and kept on with the harassment.  Plaintiff repeatedly informed Defendant Lee Canyon of the harassment and the hostile work environment created by Bean, but no action was taken to investigate or promptly correct the discriminatory harassment.

13. Plaintiff is a qualified person with a disability under the Americans With Disabilities Act (ADA).  Plaintiff has a serious health condition that limits him in one or more of his major life activities including working and caring for himself. The Plaintiff's disability is a physical impairment involving a physiological disorder or condition that impacts his digestive and genitourinary body systems.  This is a chronic long-term or permanent medical condition.

14. On or about January 11, 2020 Plaintiff informed Defendant LEE CANYON of his disability and the need for a reasonable accommodation of a leave of absence from work in order to treat the symptoms of the disability.  Plaintiff's request for a leave of absence was also a request for leave under the FMLA due to Plaintiff's own serious health condition.  Plaintiff needed more than three consecutive days off from work due to his disability and serious health condition.  Plaintiff receives ongoing medical treatment for the conditions that constitute his disability(ies).

15. On or about January 24, 2020 Plaintiff's request for a leave of absence was approved, including approval of FMLA leave.

16. On February 5, 2020 Plaintiff requested to return to work based upon his doctor's medical release to return to work and Plaintiff desired to return to work as of February 8, 2020.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 256-1183 ♦ FAX (702) 258-6983

4

17. Rather than being reinstated to his position and returned to work the Plaintiff's employment was terminated by the Defendant on February 10, 2020.

18. Plaintiff was given no reason or false and pre-textual reasons for the termination of his employment.  The real reasons are one or more of the illegal bases set forth herein.

19. Starting in October 2019 and continuing up until Plaintiff went on his leave of absence around January 12, 2020, the Plaintiff repeatedly complained about and opposed violations of the Fair Labor Standards Act wherein the Defendant was failing to pay wages, including FLSA mandated minimum wages and/or overtime wages to employees at Lee Canyon.  This included "off the clock" work being performed by employees and not being compensated with wages.  Plaintiff reasonably understood this to be a violation of law and he opposed it verbally, via email, and/or by text messages to Defendant's managers.

20. Further, Plaintiff protested the Defendant's violations of the FMLA via an email where he complained that Defendant was not properly protecting his FMLA information and medical information and not following legal requirements for providing proper notices and requesting medical information or certifications. The email was dated January 29, 2020 between Plaintiff and Allison Davis Palmquist, Human Resources Manager at Lee Canyon.  Plaintiff objected to Palmquist's request for a medical certification after his FMLA leave had been approved.  Plaintiff informed Palmquist that her request was unlawful under the FMLA and its regulations.   Plaintiff sent her a screenshot of the legal authority for his position. Palmquist acted in a resentful and offended manner at Plaintiff standing up for his legal rights under the FMLA.  The email was followed up by a telephone call and Plaintiff was left with the impression that Palmquist intended to seek retribution for the Plaintiff having stood up for his rights.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 255-1183 ♦ Fax (702) 258-6983

21. Plaintiff is a survivor of gun violence.   In 2014 or 2015 he was diagnosed with Post Traumatic Stress Disorder (PTSD) as a result of being a gun violence victim and the presence of guns in proximity to Plaintiff's person causes his PTSD symptoms to be triggered, exacerbated, or aggravated.   From the time that Plaintiff started working for Defendant LEE CANYON in November 2018, and throughout his employment up to February 2020 the Plaintiff made it known to his superiors, including Mountain Operations Director Joshua Bean, General Manager Dan Hooper, and the three other Directors on the mountain that Plaintiff was a surviving victim of gun violence, that he had PTSD as a result and that the presence of guns in his vicinity would trigger symptoms of his PTSD.

22. On several occasions the Defendant, by and through its management personnel, intentionally permitted the presence of guns in Plaintiff's vicinity on company property or in a company vehicle knowing and intending to cause the Plaintiff emotional distress and discomfort with his PTSD symptoms.   For example, on a company trip to Lake Tahoe in a company vehicle, on or about September 22, 2019, an employee named Kyle Hamilton was permitted by Director Joshua Bean to bring a firearm on the trip in the car where Plaintiff was riding. Bean knew that it would cause Plaintiff emotional distress and he intended that it cause Plaintiff emotional distress permitting Kyle Hamilton to have the gun in Plaintiff's presence.  About three hours north of Las Vegas Kyle Hamilton pulled out the gun in the car where Plaintiff would have to see it and Plaintiff's PTSD symptoms were so triggered that he demanded that Josh Bean stop the car and Plaintiff scrambled out of the car and said that if the gun was not removed from his presence that he would walk home.   Another employee Scott Hamilton was permitted to leave handguns unattended and unsupervised around the workplace, specifically in the open in the first-aid room where Plaintiff had to work, with the

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

permission of management, specifically Joshua Bean, even though management knew that it was causing Plaintiff distress.  And on the worst occasion, on December 16, 2019, in the Plaintiff's workplace on the mountain Plaintiff's immediate supervisor, Mountain Operations Director Joshua Bean, pulled a gun out during a discussion over a disagreement with Plaintiff and placed it on the desk in front of him across from where Plaintiff was located. This was in an intentionally threatening and menacing manner and it caused Plaintiff severe symptoms of his PTSD.  Plaintiff was so distraught that he could not drive himself home and he had to call his wife to leave her job at Dignity Health and drive all the way up the mountain to pick up Plaintiff who had to leave work early due to his symptoms intentionally caused by his boss Joshua Bean.  Plaintiff was hysterically and uncontrollably crying and this was all the more embarrassing because it was on full display in front of his co-workers.

23. Plaintiff repeatedly informed and complained to Defendant's human resources personnel that he did not feel safe at work because of the gun issues.  Nothing was done to correct the outrageous problem.  Plaintiff was fired instead.

24. Plaintiff timely filed charges of religious discrimination, disability discrimination, and retaliation under Title VII, the ADA, and NRS Chapter 613 first by submitting a sworn intake questionnaire seeking to file a formal charge and on October 16, 2020 Plaintiff timely filed a formal charge of discrimination and retaliation with the Nevada Equal Rights Commission (NERC) and the U.S. Equal Employment Opportunity Commission (EEOC). Filing with one agency is simultaneous dual filing with the other agency pursuant to a worksharing agreement between the two agencies wherein each designates the other as its agent for receiving charges of discrimination and retaliation.

25. Plaintiff has exhausted all required administrative avenues through the NERC and the

EEOC.  Both agencies have issued Notice of Suit Rights for Plaintiff's claims under Title VII, the ADA, and NRS Chapter 613 for disability discrimination and and religious discrimination, and retaliation under NRS Chapter 613.  The Notice for both agencies was issued by the EEOC on May 4, 2021

26. This action was timely filed.

## FIRST CLAIM:  VIOLATION OF FMLA – INTERFERENCE WITH EXERCISE OF RIGHTS

Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

27. Defendant operates in interstate commerce and, upon information and belief, have over 50 employees within a 75 mile radius of the location where Plaintiff was employed in Clark County, Nevada for the requisite time periods.   Therefore, Defendant is a "covered employer," as defined at 29 U.S.C. § 2611(4), under the Family and Medical Leave Act 29 U.S.C. §§ 2611-2654 and subject to all provisions stated therein.

28. As a "covered employer" under the FMLA, Defendant is required to offer any "eligible employee," as defined at 29 U.S.C. § 2611(2), up to 12 weeks of leave for an absence "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

29. Plaintiff was an "eligible employee," entitled to the protections of the FMLA having worked for Defendants over 1250 hours during the preceding 12 months and having been employed for over one year when his need for leave arose.

30. Plaintiff was qualified to obtain leave under the FMLA in that he had a serious health condition.

31. Plaintiff provided Defendants notice of his need for leave or intermittent time off by

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

informing Defendant.  Defendant's management was informed such that Defendant received sufficient notice to trigger its responsibility to provide leave under the FMLA.

32. By taking the adverse action of not reinstating Plaintiff on February 8, 2020 when he was released by his doctor to return to work and by terminating Plaintiff on February 10, 2020, Plaintiff's rights under the FMLA, specifically his right to reinstatement at the end of his leave of absence, Defendant violated 29 U.S.C. § 2615(a)(1) by unlawfully interfering with, denying, or restraining Plaintiff's right to medical leave and reinstatement under the FMLA.

33. Defendant's violations of the FMLA were willful and without justification.

34. Defendant's acts were done with malice and oppression and with Defendant's conscious disregard for the rights of Plaintiff and with a certainty of knowledge that Plaintiff would be injured by Defendants' acts in violation of the FMLA.

35. Defendant is liable to Plaintiff for violating his rights under the FMLA.

36. Plaintiff is entitled to all remedies available under the FMLA and hereby claims entitlement to all appropriate remedies pursuant to 29 U.S.C. § 2617 (a)(1)(A) and (B) including, but limited to, the following: money damages for lost wages and benefits and any other actual money damages caused by Defendants' violation of the FMLA; liquidated damages as provided for under the FMLA; interest as provided for under the FMLA and other law; equitable and/or injunctive relief including employment, reinstatement, and/or promotion as provided for by the FMLA and/or front pay in lieu of employment or reinstatement.

37. Plaintiff is entitled to recover costs and reasonable attorney fees pursuant to 29 U.S.C. § 2617(a)(3) for having to incur costs and fees associated with the exercise of his legal rights and remedies through this action.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

## SECOND CLAIM:   VIOLATION OF FMLA - RETALIATION AND/OR DISCRIMINATION

Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

38. Plaintiff was terminated on February 10, 2020, for the purpose of discriminating against the Plaintiff by the Defendant in that the Defendant did not want to have an employee who had asserted his rights including the right to take leave under the FMLA.

39. Defendant's discharge of Plaintiff was in retaliation for, or for a discriminatory purpose in violation of the FMLA.

40. By taking the adverse action of terminating Plaintiff's employment on February 10, 2020, Defendant violated 29 U.S.C. § 2615(a)(2) by unlawfully retaliating and/or discriminating against Plaintiff and her right to medical leave under the FMLA.

41. Defendant's violations of the FMLA were willful and without justification.

42. Defendant's acts were done with malice and oppression and with Defendants' conscious disregard for the rights of the Plaintiff and with a certainty of knowledge that Plaintiff would be injured by Defendant's acts in violation of the FMLA.

43. Defendant is liable to Plaintiff for violating her rights under the FMLA.

44. Plaintiff is entitled to all remedies available under the FMLA and hereby claims entitlement to all appropriate remedies pursuant to 29 U.S.C. § 2617 (a)(1)(A) and (B) including, but limited to, the following: money damages for lost wages and benefits and any other actual money damages caused by Defendants' violation of the FMLA; liquidated damages as provided for under the FMLA; interest as provided for under the FMLA and other law; equitable and/or injunctive relief including employment, reinstatement, and/or promotion

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 258-1183 ♦ FAX (702) 258-6983

as provided for by the FMLA and/or front pay in lieu of employment or reinstatement as provided for by the FMLA and/or front pay in lieu of employment or reinstatement.

45. Plaintiff is entitled to recover costs and reasonable attorney fees pursuant to pursuant to 29 U.S.C. § 2617(a)(3) for having to incur costs and fees associated with the exercise of his legal rights and remedies through this action.

## THIRD CLAIM:  RETALIATORY DISCHARGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

All other pertinent Paragraphs and factual allegations contained in this complaint are incorporated here by reference as if fully set forth.

46. The Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA) and specifically § 215 (a)(3) by discharging, and or discriminating against, the Plaintiff for having filed a complaint with his employer wherein he alleged a violation of the FLSA.

47. Plaintiff believed that the Defendant was violating FLSA § § 206 and 207 (a) in the failure to pay certain employees minimum wage and overtime.

48. Plaintiff complained of this violation of the law and opposed the Defendant's illegal practice.  The complaint was made to one or more individuals responsible for ensuring compliance with the FLSA.

49. Plaintiff was discharged, or otherwise discriminated against, for his protected activity under the FLSA on or about February 10, 2020.

50. Plaintiff has standing to bring this action pursuant to the FLSA

51. Defendant was and is an employer subject to the requirements of the FLSA and this court has jurisdiction pursuant to 29 U.S.C. § 216(b).

52. Defendant's violation of the FLSA was willful and intentional.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

53. Plaintiff suffered damages including but not limited to lost wages and benefits of employment.

54. Plaintiff is entitled to all remedies available under the FLSA and hereby claims entitlement to all appropriate remedies pursuant to 29 U.S.C. § 216 (b) including, but limited to, the following: money damages for lost wages and benefits and any other actual money damages caused by Defendants' violation of the FLSA; liquidated damages as provided for under the FLSA; interest as provided for under the FLSA and other law; equitable and/or injunctive relief including employment, reinstatement, and/or promotion as provided for by the FLSA and/or front pay in lieu of employment or reinstatement as provided for by the FLSA and/or front pay in lieu of employment or reinstatement, compensatory and punitive damages.

55. Plaintiff is entitled to recover costs and reasonable attorney fees pursuant to pursuant to 29 U.S.C. § 216 (b) for having to incur costs and fees associated with the exercise of his legal rights and remedies through this action.

**FOURTH CLAIM:  VIOLATION OF AMERICANS WITH DISABILITIES ACT**

All other Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

56. Plaintiff is a qualified individual with a disability.  Plaintiff has a physical condition that limits him in one or more of his major life activities.  Plaintiff is capable of performing all of the essential functions of his job with the Defendant with or without a reasonable accommodation.  He has years of experience in the field and type of work that he was hired to perform for Defendant.

57. There were one or more reasonable accommodations that would permit the Plaintiff to

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

perform the essential functions of his employment.  These may have included a leave of absence to permit Plaintiff to heal, job restructuring, provision of assistive equipment, job reassignment, or other accommodations recognized as reasonable accommodations under the ADA.  Defendant did provide some medical leave, but it fired Plaintiff and did not permit Plaintiff to return to work from that leave of absence thereby not actually providing a reasonable accommodation in violation of the ADA.

58. Defendants failed to provide a reasonable accommodation and failed to engage in the required individualized interactive process to determine a reasonable accommodation.

59. Plaintiff's was discharged from employment with Defendant in whole or in part because of the Plaintiff's disability.

60. Plaintiff was discriminated against in the terms, conditions, or privileges of employment by Defendant in violation of 42 U.S.C. § 12112.

61. Any reasonable accommodation that the Plaintiff could have been provided would not have constituted an undue hardship on the Defendant.

62. Plaintiff's employment under a reasonable accommodation would not have resulted in a direct threat to the health or safety of others.

63. Defendant's actions were undertaken with knowing or reckless disregard for Plaintiff's rights under the ADA making punitive or exemplary damages appropriate to award to Plaintiff and against Defendant to punish and to deter such conduct in the future.

64. Plaintiff is entitled to all remedies available under the Americans With Disabilities Act, as amended.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
TEL (702) 255-1153 ♦ FAX (702) 258-6983

## FIFTH  CLAIM: DISABILITY DISCRIMINATION IN VIOLATION OF NRS 613.330

Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

65. Plaintiff was discriminated against and discharged from his employment because of his disability in violation of NRS 613.330(1)(a) and limited, segregated, or classified in a way so as to deprive him of the benefits of his employment with Defendant in violation of NRS 613.330(1)(b).

66. Plaintiff is entitled to the relief available under NRS 613.432.

## SIXTH  CLAIM: RETALIATION IN VIOLATION OF NRS 613.340

Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

67. Plaintiff was discriminated against and discharged from his employment because of his opposition to a practice made an unlawful employment practice by NRS 613.330 or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under NRS 613.310 to 613.4383, inclusive in violation of NRS 613.340(1).

68. Plaintiff is entitled to the relief available under NRS 613.432.

## SEVENTH  CLAIM: HARASSMENT BASED ON RELIGION IN VIOLATION OF TITLE VII, CIVIL RIGHTS ACT OF 1964, AND NRS CHAPTER 613.

Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

68. Defendants, as employers, are subject to the federal statute prohibiting discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and the Nevada state statute prohibiting race

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 258-1183 ♦ FAX (702) 258-6983

discrimination, N.R.S. 613.310 *et seq*., and thus have a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination. They failed to do so.

69. The aforementioned actions give rise to an illegal hostile environment based on Plaintiff's Religion, Judaism. That hostile environment arose out of the cumulative effects of events occurring in an ongoing and continuous action between November 9, 2018 and February 10, 2020, which created an illegally hostile environment within the limitation period under Title VII and the Nevada Statute and for which Plaintiff dual-filed a Charge with the NERC and EEOC within 300 days of the last of the continuous acts of harassment.

70. Plaintiff perceived his working environment to be abusive or hostile as would a reasonable person in Plaintiff's circumstances. The hostile work environment was severe or pervasive and altered the terms and conditions of Plaintiff's employment.

71. This illegal and hostile environment made it more difficult for Plaintiff to do his job, affected his work performance, his work-place well-being, and his mental state.

72. Defendants had actual and constructive knowledge of the intolerable conditions and discrimination to which Plaintiff was subjected, but chose not to remedy the situation. Indeed Defendants, by and through their managers took part in the unlawful discrimination and harassment.

73. These actions constitute violations of federal law prohibiting religious discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and Nevada state law, N.R.S. 613.310 *et seq.*

74. Plaintiff has suffered economic loss as a result of this illegal religious discrimination and is entitled to recover an amount sufficient to make him whole.

75. The Plaintiff suffered the tangible adverse employment action of termination from employment.

76. Plaintiff is entitled to reinstatement, back pay, front pay in lieu of reinstatement, and any

other monetary and equitable remedies contemplated by state and federal anti-discrimination laws.

77.   Plaintiff has suffered emotional distress, humiliation, and mental anguish and is entitled to be compensated for those inflictions under the aforementioned state (NRS 613.432) and federal statutes.

78.   Plaintiff is entitled to punitive damages under state and federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions.

79.   As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect his rights under the law.

80.   Defendants have acted with malice, fraud or oppression and a conscious disregard of Plaintiff's rights.

### EIGHTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

All other pertinent paragraphs of this Complaint are incorporated here by reference as though fully set forth.

81. The Defendants engaged in a series of deliberate acts designed and intended to harm the Plaintiff and cause him emotional distress.

82. These acts included, but were not limited to, intentionally exposing Plaintiff, a gun violence victim, to firearms in the workplace and in company vehicles, knowing that Plaintiff has PTSD and knowing and/or intending to trigger, aggravate, exacerbate, or accelerate Plaintiff's PTSD symptoms.

83. On one particularly egregious and outrageous occasion Plaintiff's supervisor, Joshua Bean, Mountain Operations Director, brandished his gun and put it on the desk in front of him while having a disagreement with the Plaintiff.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

84. This was done in the context of being in his workplace where he was required to go every day in order to earn his living.

85. The Defendants' words, acts, and deeds were outrageous and beyond all bounds of decency in a civilized society.

86. The Defendants' outrageous words, acts, and deeds were intended to inflict, or were made with reckless disregard for whether they would inflict, severe and extreme emotional distress and mental anguish on the Plaintiff.

87. As a direct and proximate result of the Defendants' outrageous words, acts, and deeds, the Plaintiff did suffer extreme emotional distress and mental anguish.

88. The outrageous words, acts, and deeds of the Defendants' were made with willful malice and oppression.

89. All Defendants are vicariously and jointly and severally liable for the acts of each other.

90. The Defendants should be assessed punitive and/or exemplary damages to punish them and make them an example to deter the same or similar conduct by the Defendants and/or other employers that might engage in such outrageous conduct.

## NINTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

All other pertinent paragraphs in this complaint are incorporated and re-alleged here by this reference as though they were fully set forth.

91. The Defendants engaged in a series of negligent acts upon the Plaintiff in disregard of Plaintiffs' rights and safety and with an indifference to the injurious consequences which were substantially certain to occur.

92. The Defendants' words, acts, and deeds were negligent.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

93. The Defendants' negligent words, acts, and deeds were intended to inflict, or were made with reckless disregard for whether they would inflict, severe or extreme emotional distress and mental anguish on the Plaintiff.

94. As a direct and proximate result of the Defendants' negligent words, acts, and deeds, the Plaintiff did suffer severe or extreme emotional distress and mental anguish.

## TENTH CLAIM: NEGLIGENT TRAINING, SUPERVISION AND RETENTION

All other pertinent paragraphs in this complaint are incorporated and re-alleged here by this reference as though they were fully set forth.

95. Defendant as an employer had a duty to use reasonable care in the training, supervision, and retention of its employees or agents to make sure that the employees or agents are fit for their positions.

96. Defendants breached this duty by failing to properly train its employees so as to prevent their engaging in the actions that harmed and damaged the Plaintiff in this case.

97. Defendants breached this duty by failing to properly supervise the individual Defendants so as to prevent their engaging in the actions that harmed and damaged the Plaintiff in this case.

98. Defendants breached this duty by retaining employees who engaged in outrageous and harmful conduct even after learning of their propensity to engage in the actions that harmed and damaged the Plaintiff in this case.

99. Further, retaining the individual employees and demanding that the Plaintiff continue to work with them breached the duty owed to the Plaintiff.

100. The breach, or breaches, of duty by the Defendants actually and proximately caused damages to the Plaintiff.

101. The Plaintiff suffered damages as further described herein.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 255-1183 ♦ FAX (702) 255-0983

### III.     DEMAND FOR JUDGMENT FOR RELIEF

WHEREFORE, the Plaintiff Prays Judgment against the Defendant and requests relief as follows:

1.   For all remedies available under the State and Federal Statutes giving rise to the claims set forth herein;

2.   For all remedies available under Nevada common law;

3.   For actual and compensatory damages in an amount to be determined by a jury at trial;

4.   For general damages in an amount to be determined by a jury at trial;

5.   For Punitive and/or Exemplary damages in an amount to be determined by a jury at trial;

6.   For liquidated damages under the Fair Labor Standards Act;

7.   For liquidated damages under the Family and Medical Leave Act;

8.   For nominal damages if appropriate;

9.   For Attorney fees and costs of suit;

10.  For pre-judgment interest;

11.  For an appropriate award of money to offset and ameliorate any adverse tax consequences that may be imposed upon Plaintiff;

12.  For a trial by jury of all issues that may be tried to a jury;

13.  For equitable and injunctive relief including reinstatement to employment, or front pay in lieu of reinstatement as set forth herein;

14.  For such other and further relief as the court may deem just and equitable.

DATED this 22nd day of July, 2021.

_____/s/ James P. Kemp_____
JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 256-1183 ♦ Fax (702) 258-6983